UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNEST CALVINO, JR., <br><br>                   Plaintiff, <br><br> -against- <br><br> WILLIE CEVALLOZ; JOEL CEVALLOZ, <br><br>                   Defendants. | |
| ERNEST CALVINO, JR., <br><br>                   Plaintiff, <br><br> -against- <br><br> BILL MILLER; TOM RAY; AUDREA H. <br><br>                   Defendants. | 1:19-CV-11911 (CM) <br><br> 1:19-CV-11952 (CM) <br><br> 1:19-CV-11955 (CM) <br><br> ORDER OF DISMISSAL |
| ERNEST CALVINO, JR., <br><br>                   Plaintiff, <br><br> -against- <br><br> JOSE D. BAEZ; JOSE D. BAEZ N., <br><br>                   Defendants. | |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed these actions *pro se*. By orders dated January 6, 2020, the Court granted Plaintiff's requests to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaints.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the

Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Ernest Calvino, Jr. has filed more than two dozen complaints within the past month, many of which have already been dismissed as frivolous. *See, e.g., Calvino v. Jones*, ECF 1:19-CV-11601, 2 (S.D.N.Y. Dec. 23, 2019); *Calvino v. C.*, ECF 1:19-CV-11610, 2 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Internal Affe et al.*, ECF 1:19-CV-11611, 2 (S.D.N.Y. Dec. 23, 2019).

In Plaintiff's complaint under docket number 1:19-CV-11911, 2, Plaintiff invokes the Court's federal question jurisdiction, and sues two private individuals (Willie and Joel Cevalloz) for "[e]xtortion, threat, illegal spying, harassment, computer threat[s]." Plaintiff makes the following allegations:

> Th[ese] two people are an[ony]mously spying on m[e]. They had threat[ened] me many time[s]. They had lie[d] to me. They try to in[timidate me] electroni[cally] on a[n] audio device. At some moment during the day they say th[ese] two names and with them there [are] probably other[s] doing the same thing.

2

(*Id.* at 5.)

In Plaintiff's complaint under docket number 1:19-CV-11952, 2, Plaintiff sues three private individuals. He alleges the following:

> Th[ese] Defendant[s] claim they are helping me. [A]fter I dislike the idea about th[eir] help Audrea was talking about an old problem and it seem[ed] like they were trying to obtain[ ] information to ac[c]use me with fa[lse] statements. Later she was trying [to accuse[ me [of] money la[undering." It seem[s] like she was trying to d[e]fame[ ] [me] to scare me and later falsely ac[c]use me with the power of her job position and he[r] experience.

(*Id.* at 5.)

Plaintiff indicates that he suffered "damage to [his] person[al] image, stress, lost meals, institutional neglect, lost wages [and] emotional damage," and he seeks the "return of [his] property[ ] and val[uables]." (*Id.* at 5-6.)

In Plaintiff's complaint under docket number 1:19-CV-11955, Plaintiff sues two private individuals (Jose D. Baez and "Jose D. Baez N"). Plaintiff alleges that Defendants engaged in the following acts that harmed him: "Claim [for] support, lack to transfer, return of valu[a]bles, property[ ] and other." (*Id.* at 5.) Plaintiff indicates that he was injured from "los[s] of wages, stress, misleading the tru[th.]" (*Id.* at 6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaints cannot be cured with an amendment, the Court

3

declines to grant Plaintiff leave to amend and dismisses these three actions as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaints are dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 10, 2020
       New York, New York

                                        COLLEEN McMAHON
                                       Chief United States District Judge